[No. 21577.   Department Two.   April 16, 1929.]

T. J. DRAPER, *Respondent,* v. W. D. GIBSON, *Appellant.*[1]

*C. H. Steffen* and *Andrew J. Balliet,* for appellant.
*Edward C. Hudson,* for respondent.

PARKER, J.—The plaintiff, Draper, commenced this action in the superior court for King county seeking recovery for damage to his automobile, alleged to be the result of the negligent driving by the defendant, Gibson, of his automobile.   Gibson cross-complained, seeking recovery for damage to his automobile, alleged to be the result of the negligent driving by Draper of his automobile.   Both claims relate to the same occurrence.   Trial upon the merits, before the court sitting without a jury, resulted in findings and judgment awarding recovery in favor of Draper, and denying recovery in favor of Gibson, from which he has appealed to this court.

The findings made by the trial court are brief, and, in substance, as follows: At the time in question, Draper was driving his automobile "in a careful, prudent manner," in a westerly direction along a state

[1]Reported in 276 Pac. 554.

highway in King county. At the same time Gibson was driving his automobile in an easterly direction along the same highway,

"... in a reckless and careless manner, zigzagging from one side of the road to the other, and when about twenty-five feet from the plaintiff's car, said defendant drove his automobile across said highway directly in front of plaintiff's automobile with great force and impact, and as the direct result of the careless and negligent manner in which the defendant was operating his automobile, did great damage to plaintiff's automobile, to the extent that immediately before the impact of said automobiles the plaintiff's automobile was worth $550.46 more than immediately following said impact."

The question as to who was at fault in causing the collision is purely a question of fact. A careful reading of all the evidence convinces us that we cannot say that the evidence preponderates against the trial judge's findings.

As to the question of the amount of damage suffered by Draper as the result of the collision, we note that the trial court awarded recovery in the exact amount claimed to have been expended by Draper in repairing his automobile after the collision. It seems to us that a critical examination of the items of claimed repairs shows that their aggregate appears excessive to the extent of some seventy dollars, but when we consider that there was other testimony to the effect that Draper's automobile, a Nash sedan almost new, was worth sixteen hundred dollars immediately before the collision, and that it was worth only nine hundred dollars immediately thereafter, we cannot say that the damage award to him of $550.46 was excessive. It is easy to see that damage to an almost new automobile, of the serious nature of the damage to Draper's automobile, would be in excess of the cost of repairing it;

that is, that it would, even though repaired, be worth less than before it was so seriously damaged.

The judgment is affirmed.

MITCHELL, C. J., MAIN, FRENCH, and MILLARD, JJ., concur.